FILED
RICHARD W. NAGEL
CLERK OF COURT
2017 MAR 30 PM 3: 39
U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Christine A. Crumrine-Husseini,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 2:15–cv–3103
Judge Michael H. Watson
Magistrate Judge Deavers

## OPINION AND ORDER

Plaintiff objects to the Magistrate Judge's Report and Recommendation ("R&R") dated February 17, 2017, ECF No. 19.[1] In the R&R, ECF No. 18, Magistrate Judge Deavers recommended that the Court overrule Plaintiff's Statement of Specific Errors, in which Plaintiff challenged the Commissioner of Social Security's (the "Commissioner") decision to deny Plaintiff's application for social security disability insurance benefits and supplemental security income.

For the reasons that follow, the Court **OVERRULES** Plaintiff's objections, **AFFIRMS** and **ADOPTS** the R&R, and **DISMISSES** Plaintiff's complaint.

### I. BACKGROUND

Plaintiff applied for benefits on October 17, 2012, alleging that she became disabled on July 15, 2007. Plaintiff specifically alleged that she experienced a head injury at that time and has since suffered from amnesia.

---

[1] The Court notes that the docket reflects a "Joint Consent of the Parties to Proceed Before the Magistrate Judge," ECF No. 9, but the document is not signed by both parties.

After Plaintiff's initial application was denied, an administrative law judge ("ALJ") held a hearing on Plaintiff's application. The ALJ found that Plaintiff was not disabled within the meaning of the Social Security Act (the "Act"). That decision became final on November 5, 2015, when the Appeals Council denied review.

Plaintiff subsequently filed suit for judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). Magistrate Judge Deavers analyzed Plaintiff's Statement of Specific Errors and recommended that the Court overrule the same. Plaintiff now objects to Magistrate Judge Deavers' conclusions in the R&R.

## II. ANALYSIS

### A. Standard of Review

When a party objects to an R&R within the allotted time, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

It is well settled that, when objecting to an R&R, a party must make "specific written objections" to the magistrate judge's proposed findings and recommendations. Fed R. Civ. P. 72(b)(3). A general statement that the

magistrate judge erred does not aid judicial efficiency, the purpose "for which the use of magistrates [was] authorized." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991); *see also Holl v. Potter*, No. C–1–09–618, 2011 WL 4337038, at *1 (S.D. Ohio Sept. 15, 2011), *aff'd*, 506 F. App'x 438 (2012) ("Objections that merely restate arguments raised in the memoranda considered by the Magistrate Judge are not proper, and the Court may consider such repetitive arguments waived.").

The Court must analyze Plaintiff's objections in light of the standard of review in social security cases, which Magistrate Judge Deavers correctly set forth in the R&R:

> When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Hum. Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (quoting *Key v. Callahan*, 109 F.3d

270, 273 (6th Cir. 1997)). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

R&R 15–16, ECF No. 18.

**B. Plaintiffs' Objections**

Plaintiff argues that Magistrate Judge Deavers erred in two ways: (1) by finding that the ALJ's conclusion that Plaintiff did not suffer from a severe impairment was supported by substantial evidence; and (2) by rejecting Plaintiff's request to remand this case for consideration of new medical evidence obtained after the ALJ issued his decision. The Court addresses each objection in turn.

*1. First Objection*

The ALJ found that the medical evidence did not sufficiently establish a medically determinable impairment or combination of impairments that is severe as contemplated under the applicable regulations. As Magistrate Judge Deavers noted,

> A severe impairment is defined as "any impairment or combination of impairments which significantly limits your physical or mental ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 416.920(c), and which lasts or can be expected to last "for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). "A severe mental impairment is 'established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [a plaintiff's] statement of symptoms.'" *Griffith v. Comm'r*, 582 F. App'x 555, 559 (6th Cir. 2014) (quoting 20 C.F.R. § 416.908).

R&R 17, ECF No. 18.

  Magistrate Judge Deavers concluded that substantial evidence supports the ALJ's finding that Plaintiff does not suffer from a severe impairment.  First, Magistrate Judge Deavers noted that Plaintiff does not challenge the ALJ's finding that Plaintiff's allegations of symptoms and their causes lack credibility.  Second, Magistrate Judge Deavers discussed the medical evidence in the record.  Evidence that Magistrate Judge Deavers found sufficient to support the ALJ's conclusion includes, but is not limited to: Plaintiff's statement to her primary care physician in 2012 that her only medical concern was eczema, the change in Plaintiff's reporting after she discovered that she could qualify for disability benefits (as Plaintiff told her primary care physician), the lack of treatment for the alleged amnesia between 2007 and 2012 (when she apparently learned that she could apply for disability benefits), the significant number of physical, neurological, and psychiatric examinations that all revealed normal findings, Plaintiff's ability to perform her activities of daily living, the absence of any objective findings in the record that would suggest a severe impairment, multiple reports from treating physicians stating that Plaintiff was exaggerating her symptoms and that her responses to testing were internally inconsistent and not indicative of the type of head injury Plaintiff claimed she had suffered, and the state-agency physicians' ultimate determination that Plaintiff did not have a

severe impairment as contemplated by the applicable regulations, among other evidence.

The Court agrees with Magistrate Judge Deavers that this evidence easily satisfies the "substantial evidence" standard by which the Court reviews the ALJ's decision. Plaintiff objects to Magistrate Judge Deavers' conclusion on the ground that one of Plaintiff's consulting examiners, Dr. Deardorff, diagnosed Plaintiff with an anxiety disorder and dissociative disorder and offered rule-out diagnoses of cognitive disorder and a personality disorder. Dr. Deardorff also opined that, "given [Plaintiff's] description of her inability to recall various things, she may have difficulty managing funds prudently." R&R 6, ECF No. 18 (citing R. at 488). But the totality of Dr. Deardorff's opinion supports the ALJ's conclusion, as Dr. Deardorff also opined that Plaintiff was not credible, that her reported symptoms were inconsistent with her daily routine and her behavior during the examination, and that Plaintiff showed signs of having "bright-average to superior intelligence." *Id.* (citing R. at 485). These opinions are consistent with the record as a whole. At best, Plaintiff's argument regarding Dr. Deardorff supports a finding that the ALJ could have reached a different conclusion (which is questionable given the evidence restated above), which is insufficient to overrule the ALJ's ultimate conclusion. See *Blakley*, 581 F.3d at 406. The Court accordingly finds no error by Magistrate Judge Deavers in this regard.

Plaintiff's argument that the ALJ misinterpreted the state-agency physicians' opinions likewise fails. The state-agency physicians all opined that Plaintiff did not suffer from a severe impairment. In rejecting Plaintiff's contention of error on this issue, Magistrate Judge Deavers reviewed in detail the state-agency physicians' opinions that Plaintiff's reported symptoms were inconsistent with her test results and daily living activities, that Plaintiff had credibility issues, and that the objective testing and examinations returned normal results. Plaintiff's objection fails to identify any specific findings by the state-agency physicians that, viewed in context of the findings noted above, contradict the ALJ's ultimate conclusion that Plaintiff does not suffer from a severe impairment. The Court accordingly finds no error by the Magistrate Judge on this issue.

For these reasons, the Court **OVERRULES** Plaintiff's first objection to the R&R.

2. *Second Objection*

Plaintiff next objects on the ground that Magistrate Judge Deavers should have recommended remand, pursuant to sentence six of 42 U.S.C. § 405(g), to allow the ALJ to consider medical opinions obtained after he issued his written decision. Magistrate Judge Deavers set forth the applicable standard:

> Sentence six of 42 U.S.C. § 405(g) provides in relevant part as follows:
>
> > The Court may, on motion of the Secretary made for good cause shown before he files his answer, remand the case to the Secretary for further action by the

> Secretary, and it may at any time order additional evidence to be taken before the Secretary, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . . .

> 42. U.S.C. § 405(g). "Sentence-six remands may be ordered in only two situations: where the Secretary requests a remand before answering the complaint, or where new, material evidence is adduced that was for good cause not presented before the agency." *Shalala v. Schaefer*, 509 U.S. 292, 297 n.2 (1993) (citations omitted). The requirements that the evidence be "new" and "material," and that "good cause" be shown for the failure to present the evidence to the ALJ have been defined by the United States Court of Appeals for the Sixth Circuit as follows:

>> For the purposes of a 42 U.S.C. § 405(g) remand, evidence is new only if it was 'not in existence or available to the claimant at the time of the administrative proceeding.' . . . Such evidence is 'material' only if there is 'a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence.' . . . A claimant shows 'good cause' by demonstrating a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ . . . . [T]he burden of showing that a remand is appropriate is on the claimant.

> *Ferguson v. Comm'r of Soc. Sec.*, 628 F.3d 269, 276 (6th Cir. 2010) (quoting *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001)).

R&R 25, ECF No. 18.

The Court agrees with Magistrate Judge Deavers' conclusion that Plainitff failed to carry her burden in demonstrating that a sentence six remand is appropriate. Regarding materiality, the R&R summarizes eight other medical opinions, all of which echo a similar theme that Plaintiff was not credible, that her

statements about her symptoms were inconsistent, and that the objective medical evidence revealed normal test results. The two new medical opinions—which are dated almost eight years after the alleged onset of disability and three years after the date Plaintiff was last insured—are not material to Plaintiff's claim. And even if they were, the Court agrees with Magistrate Judge Deavers that Plaintiff failed to show good cause for the delay in obtaining and presenting such evidence. On these facts, Plaintiff's argument that a delay in obtaining treatment can be indicative of the alleged disability is not compelling.

The Court accordingly **OVERRULES** Plaintiff's second objection to the R&R.

### III. CONCLUSION

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections to the R&R, ECF No. 19, **AFFIRMS AND ADOPTS** the R&R, ECF No. 18, and **DISMISSES** Plaintiff's complaint. The Clerk is **DIRECTED** to enter judgment in the Commissioner's favor and terminate this case.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE
UNITED STATES DISTRICT COURT**